## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**EDWARD TUCK COLBERT, et al.,**    **CIVIL ACTION**
 **Plaintiffs**

**VERSUS**            **No. 12-2442**

**OWEN BRENNAN, et al.,**      **SECTION "E"**
 **Defendants**

### ORDER AND REASONS

Before the Court is a "Motion and Incorporated Memorandum to Stay or Abstain Pending State-Court Determination of Whether Succession Has a Satisfied Judgment, and Opposition to Relief Sought in First Amended Crossclaim,"[1] filed by defendant Brennan's, Inc. ("Brennan's, Inc." or "the corporation"). Defendants Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacities as independent co-executors of the Succession of James Charles Brennan ("Jimmy") (collectively, "the Succession"), oppose the corporation's motion.[2] For the reasons set forth below, the corporation's motion is denied in its entirety. The Court will not stay the proceedings in this case, nor will it abstain from deciding the issues before it.

With this motion, the corporation seeks two alternate but related forms of relief: (1) that the court stay this matter, including the hearing scheduled for June 7, 2013, to allow for a state court proceeding scheduled for June 11, 2013 to proceed; or (2) that the Court "decline to exercise jurisdiction over the Succession's purported shareholder status." The

---

[1] R. Doc. 103. Brennan's, Inc.'s pleading also serves as an opposition memorandum to the writ of mandamus relief requested by the Succession in its first amended crossclaim. *See* R. Doc. 96. The writ of mandamus is set for hearing on June 7, 2013. R. Doc. 95.

[2] R. Doc. 109.

corporation also seeks an order denying the relief sought in the Succession's crossclaim for writ of mandamus.  The Court reserves judgment on the issues raised by the crossclaim until after the June 7, 2013 hearing on that crossclaim.

As a threshold matter, the Court notes that while the corporation appears to request a stay or abstention as alternative forms of relief, both requests are grounded in principles of abstention, and the corporation does not offer any basis for a stay independent of its abstention arguments.  As such, the Court addresses them together.

The Court has already decided it has supplemental jurisdiction over the amended crossclaim for writ of mandamus under 28 U.S.C. § 1367(b) because it is sufficiently related to the original demand as to form part of the same case or controversy.[3]  "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Brown v. Pacific Life Ins. Co.*, 462 F.3d 384, 394-95 (5th Cir. 2006)  (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976)).

The corporation asks the Court to stay or abstain from the exercise of its supplemental jurisdiction over the Succession's amended crossclaim under the *Colorado River* doctrine of abstention.  This doctrine "only applies when there are parallel proceedings pending in federal and state court . . . . Suits are 'parallel' if they 'involve' the same parties and the same issues." *Brown*, 462 F.3d at 394 n. 7 (internal citations omitted).  Even if this threshold requirement is met, a federal court may, in its discretion, abstain from exercising jurisdiction only under "exceptional circumstances." *Brown*, 462 F.3d at 394-95 (5th Cir. 2006) (citing *Kelly Inv., Co. v. Cont'l Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002)).  Because the threshold "parallel proceedings" requirement is not met in

---

[3] *See* R. Doc. 95 (Order granting Succession leave to file first amended crossclaim).

this case, the Court need not consider whether exceptional circumstances exist such that abstention would be appropriate.

The Succession's amended crossclaim[4] seeks a writ of mandamus and an alternative writ of mandamus to perform or show cause why not, under Louisiana Code of Civil Procedure articles 3864-3866, relating to the Succession's status and rights as shareholder in Brennan's, Inc. based on a Security Agreement dated October 15, 2010 (the "Security Agreement"). In the state court petition filed in June 2011 and amended in April 2012, the Succession sought a declaratory judgment that the debt owed by the corporation to the Succession had been accelerated as the result of a default under the Promissory Note dated October 15, 2010 (the "Promissory Note"), and that, as a result, (1) all amounts were immediately due and payable, (2) the amounts owed by the corporation to the Succession and by the Succession to the corporation were set off as a matter of law pursuant to Louisiana Civil Code article 1893, and (3) the remainder of the corporation's debt to the Succession was due.[5] The corporation took the position that Jimmy's debt to the corporation was owed in full immediately, but that the corporation had opted to pay over time, and as a result, its debt was not due and payable and there was no setoff. After the corporation defaulted on the Promissory Note, the Succession moved for summary judgment against the corporation in May 2012, seeking a judgment as a matter of law that (1) the corporation's debt to the Succession was accelerated and immediately due and payable and (2) Jimmy's debt to the corporation was set off by the corporation's debt.

---

[4] R. Doc. 96.

[5] *See generally* Case No. 2011-6458, pending in the Civil District Court for the Parish of Orleans, State of Louisiana. The Court takes judicial notice of the pleadings filed in this state court action.

In June 2012, the state trial court agreed with the Succession and granted its motion for summary judgment, holding that Jimmy's debt was set off against the corporation's debt, and that, after the setoff, the corporation owed the Succession $204,425.85, and that such debt was owed immediately.  In July 2012, the trial court entered judgment to that effect.  Recently, on May 22, 2013, the corporation obtained an *ex parte* order from the state court granting the corporation leave to deposit funds into the registry of the court in satisfaction of its debt to the Succession.  The corporation also moved to compel the Succession to execute a satisfaction of the July 2012 judgment based upon this payment. A hearing on the corporation's motion to compel is set for June 11, 2013.  The Succession has moved to stay the June 11, 2013 hearing in state court and to rescind the May 22, 2013 *ex parte* order.

The issue litigated thus far in the state court action is whether the corporation's debt to the Succession was set off against the Succession's debt to the corporation based on the 1983 Stock Redemption Agreement executed by Jimmy and his two brothers and the Promissory Note executed by the corporation in favor of the Succession.  The rights and status of the Succession under the Security Agreement have not been decided in the state court action and are not before the state court even now.  It is not clear whether and when the state court will proceed, as a motion to stay is pending in that court as well.

On the other hand, the Succession's amended crossclaim for writ of mandamus pending before this Court seeks a declaration of the Succession's status and rights as shareholder in the corporation based on the Security Agreement's provisions and the Louisiana Business Corporations Law regarding stock ownership and the rights attendant

to such ownership.[6]

The Court finds that the proceedings before this Court and the proceedings in the state court are not parallel for purposes of the *Colorado River* doctrine.  As a result, the *Colorado River* doctrine does not apply.

In addition, this Court has already determined that the status and rights of the Succession as shareholder in the corporation are sufficiently related to the plaintiffs' main demand in this case, and this relationship provides the Court's basis for exercising supplemental jurisdiction over the amended crossclaim.[7]  As a result, the interests of fairness and judicial economy call for this Court to decide the issues raised by the amended crossclaim.

Having found that the *Colorado River* doctrine does not apply, and finding no other valid grounds for abstention or a stay, the Court will not abstain or stay this proceeding. Furthermore, the Court notes that even if the two proceedings were parallel, the decision not to abstain falls within the Court's discretion.  *See Brown*, 462 F.3d at 394-95.

Accordingly, **IT IS ORDERED** that the corporation's motion to stay or abstain be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Brennan's, Inc. shall file an answer to the

---

[6] The Court recognizes that the corporation asserts that the state court judgment "merged" the Succession's rights against the corporation and means that the Succession can no longer sue under the security agreement.  The Court will address this issue in the context of the merits of the crossclaim for writ of mandamus, as it pertains to the corporation's opposition to the relief sought in the crossclaim itself.

[7] *See* R. Doc. 95.  For the record, the Court rejects the corporation's mis-characterization of the Court's decision not to consolidate the issue of the Succession's shareholder status with issues regarding Ted's and Pip's shareholder status in Civil Action No. 13-2491.  The corporation states that the Court refused to adjudicate the Succession's rights in the context of Civil Action No. 13-2491 because of a diversity issue.  This is not correct.  The Court refused to consolidate the two cases because, at the time, the Succession was a party only to the plaintiffs' main demands in this case, while Civil Action No. 13-2491 was a summary proceeding.  Now that the amended crossclaim has been filed in this case, however, the Court may resolve the Succession's shareholder status in this case under its supplemental jurisdiction.

Succession's first amended crossclaim no later than **June 6, 2013,** at **5:00 p.m.**

**New Orleans, Louisiana, this __6th__ day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**