UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD TUCK COLBERT, et al.,<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | No. 12-2442 |
| OWEN BRENNAN, et al.,<br>    Defendants | SECTION "E" |

### ORDER AND REASONS

Before the Court is a motion for partial summary judgment[1] filed by plaintiffs Edward Tuck Colbert and Kenyon & Kenyon, LLP (collectively, "Plaintiffs"). Defendants Shawn Tiffany Brennan and Samantha Scott Brennan, in their Capacities as Independent Co-Executors of the Estate of James C. Brennan ("Jimmy") (collectively, "the Succession"), oppose Plaintiffs' motion.[2] Plaintiffs have also filed a reply in further support of their motion,[3] and the Succession filed a sur-reply in further opposition.[4] The Court heard oral argument on the motion on Plaintiffs' motion on June 5, 2013.[5] For the reasons set forth below, Plaintiffs' motion for partial summary judgment is denied. Disputed issues of material fact preclude the entry of summary judgment in Plaintiffs' favor.

### THE PARTIES' ARGUMENTS

The factual and procedural history of this case, and the grounds for Plaintiffs' causes

---

[1] R. Doc. 69.

[2] R. Doc. 87.

[3] R. Doc. 99.

[4] R. Doc. 115.

[5] R. Doc. 110.

1

of action against the Succession, have been fully explored in other orders.[6] The Court will not repeat that background information here.

Plaintiffs contend they are entitled to summary judgment on their Louisiana Revised Statute 12:93(D)[7] claim asserted against the Succession.[8] According to Plaintiffs, they are entitled under this section to recover from the Succession the approximately $1.7 million Jimmy owed to the corporation at the time of his death that was "set off" by the corporation's debt to the Succession under a series of October 2010 agreements. Plaintiffs argue that because the corporation's "payment" to the Succession came at a time when the Succession was insolvent, the payments were unlawful under Louisiana Revised Statute 12:55A,[9] and thus Plaintiffs, as creditors of the corporation, are entitled to recover directly

---

[6] *See, e.g.,* R. Doc. 95.

[7] Louisiana Revised Statute 12:93(D) provides as follows:

> Every shareholder who receives any unlawful dividend or other unlawful distribution of assets shall be liable to the corporation, or to creditors of the corporation, or to both, in an amount not exceeding the amount so received by him. An action to enforce this liability must be brought within two years from the date on which the unlawful distribution was received, and this time limit shall not be subject to suspension on any ground, nor to interruption except by timely suit.

LA. REV. STAT. ANN. § 12:93(D).

[8] Plaintiffs also assert a revocatory action against the Succession under Louisiana Civil Code article 2036 *et seq.*, as well as a 12:93(D) claim and a revocatory action against Owen E. Brennan, Jr. ("Pip"). The corporation is named as a nominal defendant in Plaintiffs' revocatory action against both the Succession and Pip. The motion for partial summary judgment now before the Court does not concern Plaintiffs' revocatory action against the Succession or either of Plaintiffs' claims against Pip.

[9] Louisiana Revised Statute 12:55A provides:

> A corporation shall not purchase or redeem its shares when it is insolvent, or when such purchase or redemption would render it insolvent, or at a price, in the case of shares subject to redemption, exceeding the redemption price thereof, or when its net assets are less than, or such purchase or redemption would reduce its net assets below, the aggregate amount payable on liquidation upon any issued shares, which have a preferential right to participate in the assets in event of liquidation, remaining after the purchase

2

from the Succession the amount of the unlawful payment/distribution. Plaintiffs also pray for the cessation of any further efforts by Brennan's, Inc. to redeem its stock until the corporation regains solvency.

The Succession responds that Plaintiffs' 12:93(D) claim is perempted;[10] that the setoff is not a "distribution" or "dividend" within the meaning of 12:55A and/or 12:93(D); and that Plaintiffs have not established that the corporation was insolvent at the time of the setoff. As a result, the Succession argues, Plaintiffs are not entitled to summary judgment, nor are they entitled to recover any money directly from the Succession under section 12:93(D).

## ANALYSIS

### I. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 ; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof

---

or redemption and cancellation of any shares in connection therewith. Subject to the provisions of this subsection, a corporation may purchase its own shares, or redeem its shares subject to redemption, as provided in the following subsections of this section.

LA. REV. STAT. ANN. § 12:55A.

[10] The Succession argues that the setoff at issue occurred in July 2010, when Jimmy died, as a matter of law and by operation of a 1983 contract entered into by Jimmy and his brothers. Plaintiffs argue the setoff occurred in July 2012, when the Succession obtained a state court judgment recognizing the setoff. As explained below, the Court does not resolve this issue in the context of Plaintiffs' motion for partial summary judgment, as other factual disputes clearly preclude the entry of summary judgment in Plaintiffs' favor.

at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden then shifts to the non-moving party to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-23. Once the burden has shifted, the non-moving party must direct the Court's attention to something in the pleadings or other evidence in the record that sets forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.* at 324. The non-moving party cannot simply rely on allegations or blanket denials of the moving party's pleadings as a means of establishing a genuine issue of material fact, but instead must identify specific facts that establish a genuine issue for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). Likewise, an affidavit cannot be used to preclude summary judgment unless its contains competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). "[A] self-serving affidavit, without more evidence, will not defeat summary judgment." *Sanchez v. Dallas/Fort Worth Int'l Airport Bd.*, 438 F. App'x 343, 346-47 (5th Cir. 2011) (citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005)); *see also United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, however, the moving party may

satisfy its burden by simply pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *See Celotex*, 477 U.S. at 325.

"An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing, Inc.*, 530 U.S. 133, 150-51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

## II. LA. REV. STAT. ANN. § 12:93(D)

To succeed on a section 12:93(D) claim, a plaintiff corporation or corporate creditor must prove two things: (1) that the corporation's distribution of assets was "unlawful," and (2) that the recipient of the unlawfully distributed assets was a "shareholder" of the corporation at the time it received the unlawful distribution. *See, e.g., Security Ctr. Protection Services, Inc. v. All-Pro Security, Inc.*, 94-1317 (La. App. 4 Cir. 2/23/95); 650 So.2d 1206, 1209 (citing *AMP Serv. Corp. v. Richard*, 419 So.2d 91, 914 (La. 1982)). In this case, Plaintiffs contend the setoff, which they characterize as a "distribution" or a "payment," was unlawful because the setoff was either done while the corporation was

5

insolvent or the setoff itself caused the corporation's insolvency. Under the Louisiana Business Corporations Law, insolvency is defined as the "inability of a corporation to pay its debts as they become due in the usual course of business." LA. REV. STAT. ANN. § 12:1(L).

### III. Disputed Issues of Fact Preclude the Entry of Summary Judgment on Plaintiffs' 12:93(D) Claim

The Court finds there are material facts in dispute with respect to whether the corporation was insolvent at the time of the setoff, and, if not, whether the setoff caused the corporation's insolvency. The parties disagree as to the date the setoff actually occurred, but both sides agree it happened in either July 2010 or July 2012.[11] However, Plaintiffs have not established that it is an undisputed fact that the corporation was insolvent on either date. Plaintiffs direct the Court's attention to this Court's judgment in a related case involving the corporation's solvency, *Edward Tuck Colbert et al v. Theodore Brennan et al*, Civil Action No. 12-137, but at most, the Court's judgment in that case established that the corporation was insolvent in December 2012. Furthermore, the Succession was not a party to Civil Action No. 12-137, so the Court's December 2012 judgment is not *res judicata* with respect to the Succession. Likewise, Plaintiffs' other evidence, which includes tax liens levied against the corporation by the Internal Revenue Service for non-payment of taxes and pleadings filed in other cases involving the corporation and its financial difficulties, does not conclusively establish that the corporation was insolvent at the time Jimmy's debt to the corporation was set off against the corporation's debt to Jimmy.

While the corporation's financial difficulties are obvious, Plaintiffs' summary judgment evidence does not establish that the corporation was insolvent, under the

---

[11] *See supra* note 10.

definition of that term set forth in 12:1(L), at the time of the setoff. Because the corporation's insolvency is a critical element of their 12:93(D) claim, plaintiffs bear the burden of proving the corporation's insolvency such that no reasonable trier of fact could find for the Succession on this issue.[12] Plaintiffs have not met this burden at this stage in the proceedings; instead, the issue of the corporation's solvency at the time of setoff or immediately thereafter is still very much in dispute. Plaintiffs are not entitled to judgment as a matter of law on their 12:93(D) claim.

Because the Court finds that disputed issues of material fact exist with respect to the corporation's solvency in both July 2010 and July 2012, the Court need not resolve the issue of whether Plaintiffs' 12:93(D) claim is perempted at this time, nor does the Court address the Succession's argument that setoff is not a dividend or distribution within the meaning of 12:55A and 12:93(D).

## CONCLUSION

**IT IS ORDERED** that Plaintiffs' motion for partial summary judgment be and hereby is **DENIED.**

**New Orleans, Louisiana, this** <u>10th</u> **day of June, 2013.**

                                           *Susie Morgan*
                                           **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**

---

[12] Plaintiffs argue the burden of proving the corporation's insolvency lies with the Succession, but they do not offer any authority supporting this contention.