UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2442** |
| **OWEN BRENNAN, et al.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is a motion for reconsideration[1] of the Court's Order and Reasons of June 11, 2013 (the "June 11 Order")[2] regarding plaintiffs' motion for partial summary judgment against defendants Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacities as independent co-executors of the Succession of James Charles Brennan ("Jimmy") (collectively, the "Succession").[3] In the motion for reconsideration, the Succession argues that while the issue of Brennan's, Inc.'s insolvency at the time of the set off remains in dispute, the issue of Brennan's, Inc.'s current insolvency is not in dispute, and thus the Court was incorrect in denying summary judgment on the issue of whether Brennan's, Inc. should be prohibited from making payments to shareholders unless and until it regains solvency. Defendant Owen E. Brennan, Jr. ("Pip") and Brennan's, Inc. agree with the Succession that Brennan's, Inc. is currently insolvent, and neither Pip nor Brennan's, Inc. oppose the Succession's motion for reconsideration.[4] Plaintiff Brennan's

---

[1] R. Doc. 131.

[2] R. Doc. 127.

[3] R. Doc. 69.

[4] *See* R. Doc. 137 (Letter from defendant Owen E. Brennan, Jr.); R. Doc. 138 (Letter from defendant Brennan's, Inc.).

1

Claims, LLC[5] opposes the Succession's motion for reconsideration.[6] For the reasons set forth below, the Succession's motion for reconsideration is denied.

In their complaint,[7] Plaintiffs Edward Tuck Colbert ("Mr. Colbert") and Kenyon & Kenyon, LLP ("Kenyon") (collectively, "Plaintiffs") alleged that Brennan's, Inc. was insolvent at the time a debt Jimmy owed to Brennan's, Inc. was "set off" against Brennan's, Inc.'s debt to the Succession. As a result, Plaintiffs claim they are entitled, pursuant to Louisiana Revised Statute 12:93(D), to "judgment in their favor against the Succession in an amount equal to the amount it has received to date from Brennan's in consideration for the purchase and/or redemption of Jimmy Brennan's stock." Plaintiffs also alleged that, because Brennan's, Inc. was insolvent at the time the corporation agreed to repurchase stock owned by Pip, Plaintiffs are entitled, pursuant to Louisiana Revised Statute 12:93(D), to "judgment in their favor against Pip Brennan in an amount equal to the amount he has received to date from Brennan's in consideration for the purchase and/or redemption of Pip Brennan's stock." Finally, Plaintiffs alleged that Brennan's, Inc. is currently insolvent, and thus Plaintiffs are entitled, again pursuant to Louisiana Revised Statute 12:93(D), "to an order preventing or suspending any further payments to stockholders until such a time that Brennan's may regain solvency." Plaintiffs' prayer reads, in part, as follows:

> Plaintiffs . . . respectfully pray that . . . there be judgment herein in their favor and against Defendants, Owen Brennan and the Succession of James Brennan, in the amount of all unlawful payments received by them in consideration for the

---

[5] On June 18, 2013, Brennan's Claims, LLC was substituted as plaintiff in this case. *See* R. Doc. 132.

[6] R. Doc. 142.

[7] R. Doc. 1.

2

> purchase and/or redemption of stock. Plaintiffs further pray that this Court will prevent and suspend any additional payments by Brennan's to shareholders until solvency is regained. Lastly, Plaintiffs pray for interest and costs as may be appropriate, as well as all just and equitable relief.

Plaintiffs' prayer for relief prohibiting Brennan's, Inc. from making future payments to stockholders seeks relief available through a restraining order or injunction, *see* FED. R. CIV. P. 65, or a declaratory judgment. *See* 28 U.S.C. § 2201(a); FED. R. CIV. P. 57.

Plaintiffs' motion for partial summary judgment was filed only against the Succession. Plaintiffs sought judgment as a matter of law on their Louisiana Revised Statute 12:93(D) claim to recover from the Succession the approximately $1.7 million Jimmy owed to Brennan's, Inc. at the time of his death that was set off against Brennan's, Inc.'s debt to the Succession. Plaintiffs' motion for partial summary judgment also sought an "[o]rder directing that no additional stock redemption payments be made until corporate solvency is regained." This does not qualify as a motion for summary judgment on a pending issue against a party served with the motion. The motion was filed only against the Succession and the referenced relief, the prohibition of additional redemption payments, would of necessity have to be directed to the corporation. In its June 11 Order, the Court denied plaintiffs' motion for summary judgment against the Succession because the issue of whether defendant Brennan's, Inc. was insolvent at the time of setoff is a disputed issue of material fact. Because Plaintiffs' motion for summary judgment did not seek a judgment as a matter of law against Brennan's, Inc. on the issue of its current insolvency or ability to make additional redemption payments to shareholders, the Court did not rule on the issue in the June 11 Order.

A timely filed motion to reconsider an interlocutory order is evaluated under the

same standard as a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See, e.g., Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at * 3–4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."). The Succession's motion for reconsideration was timely filed, so the Court considers it under Rule 59.[8]

A Rule 59(e) motion calls into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations and internal quotations omitted). In deciding motions under Rule 59(e), the Court considers the following:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;

(2) whether the movant presents new evidence;

(3) whether the motion is necessary in order to prevent manifest injustice; and

(4) whether the motion is justified by an intervening change

---

[8] A Rule 59(e) motion must be filed within twenty-eight days of the entry of judgment. *See* FED. R. CIV. P. 59(b). A motion to reconsider filed outside this 28-day window is evaluated under the standards governing a motion for relief from final judgment under Rule 60(b). *Stangel v. United States*, 68 F.3d 857, 859 (5th Cir. 1995); *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Succession's motion for reconsideration was filed three days after the June 11 Order, so it clearly falls within the 28-day window for Rule 59(e) motions.

in the controlling law.

*Castrillo*, 2010 WL 1424398, at *4. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC*, No. 07–3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." *Kelly v. Bayou Fleet, Inc.*, No. 06–6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

The Court finds no manifest error of fact or law in the June 11 Order. No new evidence has been produced and reconsideration is not necessary to prevent manifest injustice. The Court, in its discretion, denies the Succession's motion for reconsideration.

Accordingly, **IT IS ORDERED** that the Succession's motion for reconsideration be and hereby is **DENIED.**

New Orleans, Louisiana, this __21st__ day of June, 2013.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**