MINUTE ENTRY
MORGAN, J.
June 28, 2013

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al.,** | **CIVIL ACTION** |
|     **Plaintiffs** | |
| **VERSUS** | **No. 12-2442** |
| **OWEN BRENNAN, et al.,** | **SECTION "E"** |
|     **Defendants** | |

A status conference was held on June 28, 2013, at 11:00 a.m. in the chambers of Judge Susie Morgan.

> Present:    Kent Lambert (counsel for plaintiff Brennan's Claims, LLC); Philip Franco (counsel for defendants Shawn Tiffany Brennan and Samantha Scott Brennan, in their capacities as independent co-executors of the Succession of James Charles Brennan (collectively, "the Succession"); Carl Victor Welsh (via telephone) and Paul Mayeaux (counsel for defendant Owen E. Brennan, Jr. ("Pip Brennan" or "Pip")); Tim Gray (counsel for defendant Brennan's Inc. ("the corporation")).

The status of this case was discussed.

Pip Brennan's motion for temporary restraining order[1] was discussed. In his motion, Pip seeks to restrain the corporation from making an allegedly unlawful payment to the Succession and to restrain the Succession from receiving or accepting that allegedly unlawful payment in connection with the purchase or redemption of the Succession's stock. Pip's motion seeks to preserve the status quo until the preliminary and permanent

---

[1] R. Doc. 152.

1

injunction claims asserted in his proposed amended answer, counterclaim, and crossclaim[2] are heard and decided.

A temporary restraining order under Federal Rule of Civil Procedure 65(b)[3] will issue only if the party seeking such relief shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that he will suffer an immediate and irreparable injury if the requested injunctive relief is denied; (3) that the threatened injury to the movant outweighs the harm the injunction will cause on his opponent; and (4) that the requested injunctive relief will not disserve the public interest. *See, e.g., Bergquist v. FYBX Corp.*, No. 02–722, 2003 WL 21488117, at *1 (E.D. La. June 20, 2003) (Vance, J.). A temporary restraining order "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors." *Allied Marketing Group, Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989). Whether to grant such extraordinary relief in a given case is left to the discretion of the district court. *See Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 195 (5th Cir. 2003).

---

[2] *See* R. Doc. 151 (Pip Brennan's motion for leave to file first amended answer, counterclaim, and crossclaim).

[3] Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

    (A)    specific facts in an affidavit or a verified complain clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1). While state law provides the basis for Pip's motion, federal law determines the standard by which Pip's motion is to be decided. *See, e.g., Daniel v. Allstate Ins. Co.*, No. 12-2933, 2012 WL 7738765, at *4 (E.D. La. Dec. 31, 2012) (Brown, J.) ("Federal procedural law determines the standard for issuing a preliminary injunction or temporary restraining order . . . , even if state law is to be applied in determining whether the state law cause of action can support an injunction.") (internal citations omitted).

To obtain a temporary restraining order under Rule 65(b) there must be a threat of an immediate injury. There is no evidence that the payments referenced in Pip's motion are imminent. Pip has failed to establish that he will suffer "immediate" harm if the motion is not granted.

Accordingly, **IT IS ORDERED** that Pip's motion for temporary restraining order be and hereby is **DENIED.**

At this time, the Court takes no position on the relief sought in Pip's motion for leave to file a first amended answer, counterclaim, and crossclaim, nor does the Court take any position on the claims for preliminary and permanent injunctive relief contained within Pip's proposed amended pleading.

**New Orleans, Louisiana, this** __28th__ **day of June, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

JS10 (0:50)