UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD TUCK COLBERT, et al.,**     Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **No. 12-2442** |
| **OWEN BRENNAN, et al.,**     Defendants | **SECTION "E"** |

## ORDER & REASONS

Before the Court is an unopposed motion for a preliminary injunction by Defendant Owen E. Brennan, Jr. ("Pip Brennan"), which asks that Brennan's Inc. be enjoined from purchasing or redeeming its stock held by the Succession of Jimmy Brennan (the "Succession") and that the Succession be enjoined from accepting any payments in purchase or redemption of that stock.[1] Although the motion is unopposed, the Court requested supplemental briefing and held a hearing on August 15, 2013, to satisfy itself that entry of an injunction is proper. The matter is now ripe for decision, and the motion is **GRANTED**.

## BACKGROUND

In this case, Brennan's Claims, L.L.C., as successor in interest to Edward Tuck Colbert and Kenyon & Kenyon, asserts that it is a judgment creditor of Brennan's Inc. as a result of a state court judgment in its favor on a legal malpractice action/suit on open account for unpaid attorney's fees. Brennan's Inc. has not paid any part of that judgment. Brennan's Claims asserts that Brennan's Inc., even though it was insolvent and even though Jimmy Brennan owed it upwards of $1.7 million, agreed to buy back Jimmy Brennan's

---

[1] R. Docs. Nos. 166, 173.

1

shares of stock after he died.[2] Brennan's Claims also asserts that Brennan's Inc. settled litigation pending between the corporation and Pip Brennan and entered into a stock redemption agreement with Pip Brennan in July 2011 (even though he owed the corporation $582,000). Under the terms of that agreement, Brennan's Inc. agreed to pay Pip Brennan $2,000,000 to repurchase his stock, to pay him an additional $1,000,000 in monthly installments, to pay him $6,000 a month for fourteen years in lieu of purchasing additional life insurance for him, to forgive his shareholder loan account, and to pay him $35,000.

Brennan's Claims asserts two causes of action in this case: (1) that Brennan's Inc.'s repurchase of stock from the Succession and Pip Brennan was unlawful, because Brennan's Inc. was insolvent at the time, thus entitling Brennan's Claims to exercise its rights under La. Rev. Stat. 12:92(D) directly against Pip Brennan and the Succession, in amounts equal to the unlawful payments already made and any future unlawful payments; and (2) a revocatory action against Brennan's Inc., the Succession, and Pip Brennan, which asserts that the payments made to the Succession and to Pip Brennan caused or increased Brennan's Inc.'s insolvency.

Pip Brennan has filed a counter-claim against Brennan's Claims and a cross-claim against Brennan's Inc.[3] In his cross-claim, on which he moves for the preliminary

---

[2] After entering into this agreement, the Succession sued Brennan's, Inc., seeking to have the amount of Jimmy Brennan's debt set off against the amount owed to Brennan's, Inc. under the stock redemption agreement. A Louisiana state court sided with the Succession, and found that, after setting off the debt, Brennan's, Inc. owes the Succession approximately $200,000 under the terms of the stock redemption agreement.

[3] R. Doc. No. 164. The Succession has as well, but those claims are not at issue in this proceeding.

injunction at issue, he asserts oblique and revocatory actions, as well as requesting declaratory and injunctive relief. His request for injunctive relief asserts that, inasmuch as Brennan's Inc. is insolvent and he is one of its officers and directors, he may be held liable for any unlawful payments it makes. He also asserts that because he is a creditor of Brennan's Inc., he has a right under Louisiana Civil Code Article 2036 to annul any act of Brennan's Inc. that causes or increases its insolvency, such as the purchase or redemption of its stock from the Succession.

## ANALYSIS

In order to be entitled to an injunction, a movant must show four things: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result to the non-movant by granting the injunction; and (4) that the injunction will not prejudice the public interest. *Hornbeck Offshore Servs., LLC v. Salzar*, 696 F. Supp. 2d 627, 635 (E.D. La. 2010).

Pip Brennan has shown a substantial likelihood of success on the merits. Under La. R.S. 12:55(A) a corporation may not purchase or redeem shares when insolvent. For purposes of the Business Code, in which 12:55(A) appears, insolvency is defined as "the inability of a corporation to pay its debts as they become due in the usual course of business." La. R.S. 12:1(L). This is the so-called equity (as opposed to balance sheet) definition of insolvency. 7 La. Civil Law Treatise, *Business Organizations* § 25.07. "'For an on-going business enterprise the equity insolvency test requires that decisions be based on a cash flow analysis that is itself based on a business forecast and budget for a sufficient period of time to permit a conclusion that known obligations of the corporation can reasonably be expected to be satisfied over the period of time that they will mature.'" *Id.*

3

(quoting Official Comments to the Revised Model Business Corporation Act).

Under this test, Brennan's Inc. is insolvent. The affidavit of Blake Brennan establishes that Brennan's Inc. has not paid and cannot pay payroll taxes, city sales tax, inventory taxes, interest payments on a loan from FNBC, a number of NSF checks, and unpaid orders for restaurant supplies.[4] Particularly in light of the fact that the restaurant operated by Brennan's Inc. has closed, any cash flow analysis permits "a conclusion that known obligations of the corporation can[not] reasonable be expected to be satisfied over the period of time that they will mature." Accordingly, Brennan's Inc. is insolvent for purposes of R.S. 12:55(A), meaning it may not purchase or redeem its shares held by the Succession. If it were to do so, Pip Brennan would have a cause of action as one of the creditors of Brennan's Inc. and could face liability as one of its officers and directors. He therefore has a substantial likelihood of success on the merits.

That threat of liability establishes that Pip Brennan faces an injury—namely, the time, expense, and difficulty of fighting any lawsuit arising from any unlawful share redemption—that cannot easily be compensated by damages. He also faces irreparable injury because it is likely that Brennan's Inc. would be liable for any award of damages against him, but because of its insolvency, would not be able to pay. *See Buffalo Courier Express, Inc. v. Buffalo Evening News, Inc.*, 601 F.2d 48, 56 (2d Cir. 1979) ("[T]he requirement of 'possible irreparable injury' is satisfied simply by showing, as the plaintiff did here, that harm suffered in the interval before final judgment cannot be repaired by an award of damages . . . because the defendant is insolvent . . . ."). Moreover, when the

---

[4] Rec. Doc. No. 179-1, pp. 3–4.

threatened action is made unlawful by statute, that alone can satisfy the irreparable injury requirement. *See, e.g.*, *Greater New Orleans Fair Housing Action Center v. St. Bernard Parish*, 2011 WL 838899, at *2 (E.D. La. Mar. 4, 2011).

The final two factors also weigh in favor of the issuance of an injunction. The balance of harms favors Pip Brennan. No other party has suggested it will suffer a harm from the requested injunction—in fact, the Succession favors its entry. And the public interest is not strongly implicated, but to the extent it is, there is a general public policy that favors compliance with the law. Accordingly, the Court finds that entry of the requested injunction is proper.

## CONCLUSION

Pip Brennan's motion for a preliminary injunction is **GRANTED**.

**IT IS ORDERED** that, under Federal Rule of Civil Procedure 65(c), Pip Brennan shall post a bond of $10,000.00.

**IT IS FURTHER ORDERED** that after posting of the bond, Brennan's Inc. is enjoined from paying and the Succession is enjoined from receiving a payment for the purchase and/or redemption of the Succession's stock in Brennan's Inc. Should Brennan's Inc. at any time become solvent again, the Succession or Brennan's Inc. (or any of its officers or directors) may bring a motion to dissolve this injunction.

**New Orleans, Louisiana, this 16th day of August, 2013.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**